IN THE SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
CIVIL DIVISION

| | | |
|---|---|---|
| **1367 FLORIDA AVENUE, LLC** | : | |
| | : | |
| | : | |
| | : | **Case No.: 2014 CA 001937 B** |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | |
| | : | |
| **LANE BUILDING SERVICES, LLC** | : | |
| | : | |
| **Defendant.** | : | |
| | : | |

## AMENDED COMPLAINT

Plaintiff 1367 Florida Avenue, LLC, by and through its counsel, and pursuant to Super.Civ.R. 15(a), hereby files as a matter of right, its Amended Complaint against Defendant, Lane Building Services, LLC. For its Complaint, Plaintiff states the following:

### I.     PARTIES AND JURISDICTION

1.     Plaintiff 1367 Florida Avenue, LLC ("Plaintiff") is a District of Columbia limited liability company.

2.     Defendant Lane Building Services, LLC ("Defendant") is a Maryland limited liability company with a principal business address of 5656 Vantage Point Road, Columbia, Maryland 21044.

3.     This Court has jurisdiction over this dispute and venue is proper before this Court.

### STATEMENT OF THE CASE

4.     The allegations contained in paragraphs 1 through 3 are incorporated and adopted by reference herein.



EXHIBIT
A

11.     Pursuant to §7.5 of the Contract, entitled "Supervision and Construction Procedures", the Defendant was required to "supervise and direct the Work, using the [Defendant's] best skill and attention." Further Defendant was "solely responsible for and [had] control over construction means, methods, techniques, sequences and procedure and for coordinating all portions of the Work under the Contract."

12.     Defendant was required to build the project in accord with the Contract Documents including but not limited to the Plans and Specifications. Defendant deviated from the project Contract Documents in its attempt to perform the underpinning work and other aspects of the Contract Documents. These failures by the Defendant caused delays to the project and damages to Plaintiff and caused the owners of the two adjacent single family homes located at 1369 Florida Avenue, NE, Washington, DC and 1365 Florida Avenue, NE, Washington, D.C. to assert claims for damages against the Plaintiff.

13.     Pursuant to §7.6 of the Contract, the Defendant was "responsible to the [Plaintiff] for acts and omissions of the Contractor's employees, Subcontractors and their agents and employees, and other persons or entities performing portions of the Work for or on behalf of the [Defendant] or any of its Subcontractors".

14.     Defendant breached its various obligations under the Contract causing substantial damages and expense to the Plaintiff.

15.     As a result of Defendant's breach and failure to properly perform the work at the Project, the properties adjacent to the Property suffered damages, which resulted in the commencement of litigation by the owner of an adjacent property against the Plaintiff and other parties in the proceeding styled as *Joseph Mariano et. al. vs. Gharai, et. al.*, Case No. 1:12-cv-01400-CKK, pending in the U.S. District Court for District of Columbia (the "Federal Case").

3

16.     Pursuant to Section 7.11 of the Contract, Defendant is obligated "to the fullest extent permitted by law and to the extent claims, damages, losses or expenses are not covered by liability insurance purchased by" Defendant to "indemnify and hold harmless" the Plaintiff "from and against claims, damages, losses and expenses, including but not limited to attorney's fees, arising out of or resulting from performance of the Work . . . to the extent caused by the negligent acts or omissions of the [Defendant], a Subcontractor, [or] anyone directly or indirectly employed by them or anyone for whose acts they may be liable, regardless of whether or not such claim, damage, loss or expense is caused in part by a party indemnified hereunder."

17.     In the Federal Case, the Plaintiff was named as a defendant (although never served) and the Defendant is also named as defendant.

18.     In the Federal Case, the Defendant filed a Cross Claim against the Plaintiff (and other parties) seeking contribution and indemnification from Plaintiff due to the alleged breach by Plaintiff of the Contract.

19.     As a result of Defendant's active participation and prosecution of the defenses and affirmative claims raised by the Defendant in the Federal Case, including the Cross Claim filed by Defendant against Plaintiff, the Defendant has waived the arbitration provisions set forth in the Contract.

20.     The Plaintiff has either performed all condition precedents under the Contract, or is excused from such performance due to the material breaches and/or waiver by Defendant.

## COUNT I – BREACH OF CONTRACT

21.     The allegations contained in paragraphs 1 through 20 of the Amended Complaint are incorporated and adopted by reference herein.

22.     Defendant breached its obligations under the Contract.

4

23.     As a result of Defendant's breach, the Plaintiff has suffered monetary damages proximately caused by the Defendant's breach.

**WHEREFORE**, Plaintiff 1367 Florida Ave, LLC requests entry of judgment against Defendant Lane Buildings Services, LLC in the amount in excess of Four Hundred Thousand Dollars and 00/100 cents ($400,000.00), and such other damages that may be proven at trial, plus pre and post judgment interest, and attorney fees and costs, and such other relief the Court deems just and appropriate.

<h3 style="text-align:center">COUNT II – INDEMNIFICATION</h3>

24.     The allegations contained in paragraphs 1 through 20 of the Amended Complaint are incorporated and adopted by reference herein.

25.     The Plaintiff has been sued by the plaintiffs in the Federal Case for claims, damages, losses and expenses attributable to the Work performed by the Defendant and caused by the negligent acts or omissions by the Defendant and/or the Defendant's subcontractors and/or other parties directly or indirectly employed by them (the "Indemnification Claims").

26.     Plaintiff has incurred attorneys' fees and costs in defending against the Indemnification Claims in the Federal Case.

27.     Pursuant to Section 7.11 of the Contract, Defendant is obligated to indemnify Plaintiff for the Indemnification Claims, including but not limited to, the attorneys' fees and expenses incurred by Plaintiff in the Federal Case.

**WHEREFORE**, Plaintiff 1367 Florida Ave, LLC requests entry of judgment against Defendant Lane Buildings Services, LLC in the amount of any judgment in the Federal Case entered against the Plaintiff in the Federal Case, plus judgment in the amount of attorneys' fees and costs the Plaintiff has incurred and will incur in the Federal Case, and such other damages

that may be proven at trial, plus pre and post judgment interest, and attorney fees and costs, and such other relief the Court deems just and appropriate.

## COUNT III – INDEMNIFICATION

28.    The allegations contained in paragraphs 1 through 20 of the Amended Complaint are incorporated and adopted by reference herein.

29.    Defendant owed the Plaintiff a duty to perform the Work under the Contract in a skillful, careful, diligent and workmanlike manner.

30.    Defendant breached its duty to perform the Work under the Contract in a skillful, careful, diligent and workmanlike manner.

31.    As a result of Defendant's breach of its duty to perform the Work under the Contract in a skillful, careful, diligent and workmanlike manner, the Plaintiff has been injured and suffered monetary damages.

**WHEREFORE,** Plaintiff 1367 Florida Ave, LLC requests entry of judgment against Defendant Lane Buildings Services, LLC in the amount in excess of Four Hundred Thousand Dollars and 00/100 cents ($400,000.00), and such other damages that may be proven at trial, plus pre and post judgment interest, and attorney fees and costs, and such other relief the Court deems just and appropriate.

April 28, 2014                              Respectfully Submitted,


                                            /s/    Bradshaw Rost
                                            Bradshaw Rost, Esq., Bar #376064
                                            Tenenbaum & Saas, P.C.
                                            4504 Walsh Street, Suite 200
                                            Chevy Chase, MD 20815
                                            (301) 961-5300
                                            (240) 3304535 (f)
                                            brost@tspclaw.com
                                            *Counsel for Plaintiff 1357 Florida Avenue, LLC*

6



# SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
## CIVIL DIVISION

1367 FLORIDA AVENUE, LLC
    Vs.                                  C.A. No.     2014 CA 001937 B
LANE BUILDING SERVICES, LLC

## INITIAL ORDER AND ADDENDUM

Pursuant to D.C. Code § 11-906 and District of Columbia Superior Court Rule of Civil Procedure ("SCR Civ") 40-I, it is hereby **ORDERED** as follows:

(1) Effective this date, this case has assigned to the individual calendar designated below. All future filings in this case shall bear the calendar number and the judge's name beneath the case number in the caption. On filing any motion or paper related thereto, one copy (for the judge) must be delivered to the Clerk along with the original.

(2) Within 60 days of the filing of the complaint, plaintiff must file proof of serving on each defendant: copies of the Summons, the Complaint, and this Initial Order. As to any defendant for whom such proof of service has not been filed, the Complaint will be dismissed without prejudice for want of prosecution unless the time for serving the defendant has been extended as provided in SCR Civ 4(m).

(3) Within 20 days of service as described above, except as otherwise noted in SCR Civ 12, each defendant must respond to the Complaint by filing an Answer or other responsive pleading. As to the defendant who has failed to respond, a default and judgment will be entered unless the time to respond has been extended as provided in SCR Civ 55(a).

(4) At the time and place noted below, all counsel and unrepresented parties shall appear before the assigned judge at an Initial Scheduling and Settlement Conference to discuss the possibilities of settlement and to establish a schedule for the completion of all proceedings, including, normally, either mediation, case evaluation, or arbitration. Counsel shall discuss with their clients **prior** to the conference whether the clients are agreeable to binding or non-binding arbitration. **This order is the only notice that parties and counsel will receive concerning this Conference.**

(5) Upon advice that the date noted below is inconvenient for any party or counsel, the Quality Review Branch (202) 879-1750 may continue the Conference **once**, with the consent of all parties, to either of the two succeeding Fridays. Request must be made not less than six business days before the scheduling conference date. No other continuance of the conference will be granted except upon motion for good cause shown.

(6) Parties are responsible for obtaining and complying with all requirements of the General Order for Civil cases, each Judge's Supplement to the General Order and the General Mediation Order.   Copies of these orders are available in the Courtroom and on the Court's website http://www.dccourts.gov/.

Chief Judge Lee F. Satterfield

Case Assigned to:  Judge CRAIG ISCOE
Date:   March 31, 2014
Initial Conference: 9:30 am, Friday, July 18, 2014
Location:   Courtroom 200
               500 Indiana Avenue N.W.
               WASHINGTON, DC 20001

Caio.doc

## ADDENDUM TO INITIAL ORDER AFFECTING
## ALL MEDICAL MALPRACTICE CASES

In accordance with the Medical Malpractice Proceedings Act of 2006, D.C. Code § 16-2801, et seq. (2007 Winter Supp.), "[a]fter an action is filed in the court against a healthcare provider alleging medical malpractice, the court shall require the parties to enter into mediation, without discovery or, if all parties agree[,] with only limited discovery that will not interfere with the completion of mediation within 30 days of the Initial Scheduling and Settlement Conference ("ISSC"), prior to any further litigation in an effort to reach a settlement agreement. The early mediation schedule shall be included in the Scheduling Order following the ISSC. Unless all parties agree, the stay of discovery shall not be more than 30 days after the ISSC." D.C. Code § 16-2821.

To ensure compliance with this legislation, on or before the date of the ISSC, the Court will notify all attorneys and *pro se* parties of the date and time of the early mediation session and the name of the assigned mediator. Information about the early mediation date also is available over the internet at https://www.dccourts.gov/pa/. To facilitate this process, all counsel and *pro se* parties in every medical malpractice case are required to confer, jointly complete and sign an EARLY MEDIATION FORM, which must be filed no later than ten (10) calendar days prior to the ISSC. Two separate Early Mediation Forms are available. Both forms may be obtained at www.dccourts.gov/medmalmediation. One form is to be used for early mediation with a mediator from the multi-door medical malpractice mediator roster; the second form is to be used for early mediation with a private mediator. Both forms also are available in the Multi-Door Dispute Resolution Office, Suite 2900, 410 E Street, N.W. Plaintiff's counsel is responsible for eFiling the form and is required to e-mail a courtesy copy to earlymedmal@dcsc.gov. *Pro se* Plaintiffs who elect not to eFile may file by hand in the Multi-Door Dispute Resolution Office.

A roster of medical malpractice mediators available through the Court's Multi-Door Dispute Resolution Division, with biographical information about each mediator, can be found at www.dccourts.gov/medmalmediation/mediatorprofiles. All individuals on the roster are judges or lawyers with at least 10 years of significant experience in medical malpractice litigation. D.C. Code § 16-2823(a). If the parties cannot agree on a mediator, the Court will appoint one. D.C. Code § 16-2823(b).

The following persons are required by statute to attend personally the Early Mediation Conference: (1) all parties; (2) for parties that are not individuals, a representative with settlement authority; (3) in cases involving an insurance company, a representative of the company with settlement authority; and (4) attorneys representing each party with primary responsibility for the case. D.C. Code § 16-2824.

No later than ten (10) days after the early mediation session has terminated, Plaintiff must eFile with the Court a report prepared by the mediator, including a private mediator, regarding: (1) attendance; (2) whether a settlement was reached; or, (3) if a settlement was not reached, any agreements to narrow the scope of the dispute, limit discovery, facilitate future settlement, hold another mediation session, or otherwise reduce the cost and time of trial preparation. D.C. Code § 16-2826. Any Plaintiff who is *pro se* may elect to file the report by hand with the Civil Clerk's Office. The forms to be used for early mediation reports are available at www.dccourts.gov/medmalmediation.

Chief Judge Lee F. Satterfield

Caio.doc

IN THE SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
CIVIL DIVISION

1367 FLORIDA AVENUE, LLC :
c/o Bradshaw Rost, Esq. :
Tenenbaum & Saas, P.C. :
4504 Walsh Street, Suite 200 :
Chevy Chase, Maryland 20815 :
: Case No.: 14 - 0 0 0 1 9 3 7
            Plaintiff, :
:
v. :
:
LANE BUILDING SERVICES, LLC :
5656 Vantage Point Road :
Columbia, Maryland 21044 :
:
Serve:  Gordon T. Lane, Registered Agent :
        5656 Vantage Point Road :
        Columbia, Maryland 21044 :
:
            Defendant. :
_____:



## COMPLAINT

Plaintiff 1367 Florida Avenue, LLC, by and through its counsel, hereby files its Complaint against Defendant, Lane Building Services, LLC. For its Complaint, Plaintiff states the following:

### I.   PARTIES AND JURISDICTION

1.   Plaintiff 1367 Florida Avenue, LLC ("Plaintiff") is a District of Columbia limited liability company.

2.   Defendant Lane Building Services, LLC ("Defendant") is a Maryland limited liability company with a principal business address of 5656 Vantage Point Road, Columbia, Maryland 21044.

3.   · This Court has jurisdiction over this dispute and venue is proper before this Court.

## STATEMENT OF THE CASE

4.     The allegations contained in paragraphs 1 through 3 are incorporated and adopted by reference herein.

5.     In 2011, Plaintiff purchased that certain property in the District of Columbia known as 1367 Florida Ave, N.E., Washington, D.C. ("Property") for purposes of constructing a new 3 story 8 unit building (the "Project').

6.     In order to construct the Project the Plaintiff retained the services of the Defendant to serve as the general contractor pursuant to the terms and conditions of an Agreement between Owner and General Contract dated May 15, 2011 ("Contract").

7.     Pursuant to §1.2 of the Contract, the Defendant promised "to furnish its skill and judgment with due care in accordance with the applicable federal state, local laws and regulations that are in effect on the date of this Contract."

8.     Pursuant to §4.2 of the Contract, the Defendant promised to "prepare a Construction Plan for the Project and will make recommendations for revisions to the plan throughout the duration of the Project, as may be appropriate." Further, the Defendant agreed to "develop various alternatives for the sequencing and management of the Project and shall make recommendations to the Owner."

9.     Pursuant to §4.5.1.6 of the Contract, entitled "Quality Review", the Defendant was required to "establish and implement a program to monitor the quality of construction" the purpose of which was to "guard the [Plaintiff] against defect and deficiency in the work" of any subcontractors. In accordance with that provision, the Defendant was required to provide the Plaintiff with "notice of nonconforming work" and to reject such work "when in the opinion of the [Defendant] the work does not conform to the requirements of the Contract Documents."

10.    Pursuant to §4.5.2.3 of the Contract, the Defendant was required to "review the progress of construction [by] each Contractor on a daily basis."

11.    Pursuant to §7.5 of the Contract, entitled "Supervision and Construction Procedures", the Defendant was required to "supervise and direct the Work, using the [Defendant's] best skill and attention." Further Defendant was "solely responsible for and [had] control over construction means, methods, techniques, sequences and procedure and for coordinating all portions of the Work under the Contract."

12.    Defendant was required to build the project in accord with the Contract Documents including but not limited to the Plans and Specifications.  Defendant deviated from the project Contract Documents in its attempt to perform the underpinning work and other aspects of the Contract Documents. These failures by the Defendant caused delays to the project and damages to Plaintiff and caused the owners of the two adjacent single family homes located at 1369 Florida Avenue, NE, Washington, DC and 1365 Florida Avenue, NE, Washington, D.C. to assert claims for damages against the Plaintiff.

13.    Pursuant to §7.6 of the Contract, the Defendant was "responsible to the [Plaintiff] for acts and omissions of the Contractor's employees, Subcontractors and their agents and employees, and other persons or entities performing portions of the Work for or on behalf of the [Defendant] or any of its Subcontractors".

14.    Defendant breached its various obligations under the Contract causing substantial damages and expense to the Plaintiff.

15.    As a result of Defendant's breach and failure to properly perform the work at the Project, the properties adjacent to the Property suffered damages, which resulted in the commencement of litigation by the owner of an adjacent property against the Plaintiff and other

3

parties in the proceeding styled as *Joseph Mariano et. al. vs. Gharai, et. al.*, Case No. 1:12-cv-01400-CKK, pending in the U.S. District Court for District of Columbia (the "Federal Case").

16.    In the Federal Case, the Plaintiff was named as a defendant (although never served) and the Defendant is also named as defendant.

17.    In the Federal Case, the Defendant filed a Cross Claim against the Plaintiff (and other parties) seeking contribution and indemnification from Plaintiff due to the alleged breach by Plaintiff of the Contract.

18.    As a result of Defendant's active participation and prosecution of the defenses and affirmative claims raised by the Defendant in the Federal Case, including the Cross Claim filed by Defendant against Plaintiff, the Defendant has waived the arbitration provisions set forth in the Contract.

19.    The Plaintiff has either performed all condition precedents under the Contract, or is excused from such performance due to the material breaches and/or waiver by Defendant.

## COUNT I – BREACH OF CONTRACT

20.    The allegations contained in paragraphs 1 through 18 of the Complaint are incorporated and adopted by reference herein.

21.    Defendant breached its obligations under the Contract.

22.    As a result of Defendant's breach, the Plaintiff has suffered monetary damages proximately caused by the Defendant's breach.

**WHEREFORE**, Plaintiff 1367 Florida Ave, LLC requests entry of judgment against Defendant Lane Buildings Services, LLC in the amount in excess of Four Hundred Thousand Dollars and 00/100 cents ($400,000.00), and such other damages that may be proven at trial, plus

4

pre and post judgment interest, and attorney fees and costs, and such other relief the Court deems just and appropriate.

March 28, 2014                              Respectfully Submitted,

                                            Bradshaw Rost, Esq., Bar #376064
                                            Tenenbaum & Saas, P.C.
                                            4504 Walsh Street, Suite 200
                                            Chevy Chase, MD 20815
                                            (301) 961-5300
                                            (240) 3304535 (f)
                                            brost@tspclaw.com
                                            *Counsel for Plaintiff 1357 Florida Avenue, LLC*



**Superior Court of the District of Columbia**
**CIVIL DIVISION**
500 Indiana Avenue, N.W., Suite 5000
Washington, D.C. 20001 Telephone: (202) 879-1133

1367 Florida Avenue, LLC
_____
                                    Plaintiff

                vs.                                        Case Number **14 - 0 0 0 1 9 3 7**

Lane Building Services, Inc.
_____
    Serve: Gordon T. Lane,           Defendant
           Registered Agent

## SUMMONS

To the above named Defendant:

  You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty (20) days after service of this summons upon you, exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government, you have sixty (60) days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the party plaintiff who is suing you. The attorney's name and address appear below. If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

  You are also required to file the original Answer with the Court in Suite 5000 at 500 Indiana Avenue, N.W., between 8:30 a.m. and 5:00 p.m., Mondays through Fridays or between 9:00 a.m. and 12:00 noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within five (5) days after you have served the plaintiff. If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

Bradshaw Rost
_____
Name of Plaintiff's Attorney                    _Clerk of the Court_

4504 Walsh Street, Suite 200
_____            By _____
Address                                                      Deputy Clerk
Chevy Chase, MD 20815

301-961-5300
_____            Date    March 31, 2014
Telephone

如需翻譯,請打电话 (202) 879-4828  Veuillez appeler au (202) 879-4828 pour une traduction  Để có một bài dịch, hãy gọi (202) 879-4828
번역을 원하시면, (202) 879-4828 로 전화주십시오  የአማርኛ ትርጉም ለማግኘት (202) 879-4828 ይደውሉ

  IMPORTANT: IF YOU FAIL TO FILE AN ANSWER WITHIN THE TIME STATED ABOVE, OR IF, AFTER YOU ANSWER, YOU FAIL TO APPEAR AT ANY TIME THE COURT NOTIFIES YOU TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY DAMAGES OR OTHER RELIEF DEMANDED IN THE COMPLAINT. IF THIS OCCURS, YOUR WAGES MAY BE ATTACHED OR WITHHELD OR PERSONAL PROPERTY OR REAL ESTATE YOU OWN MAY BE TAKEN AND SOLD TO PAY THE JUDGMENT. IF YOU INTEND TO OPPOSE THIS ACTION, _DO NOT FAIL TO ANSWER WITHIN THE REQUIRED TIME._

  If you wish to talk to a lawyer and feel that you cannot afford to pay a fee to a lawyer, promptly contact one of the offices of the Legal Aid Society (202-628-1161) or the Neighborhood Legal Services (202-279-5100) for help or come to Suite 5000 at 500 Indiana Avenue, N.W., for more information concerning places where you may ask for such help.

See reverse side for Spanish translation
Vea al dorso la traducción al español

FORM SUMMONS - Jan. 2011                      CASUM.doc




**TRIBUNAL SUPERIOR DEL DISTRITO DE COLUMBIA**
**DIVISIÓN CIVIL**
500 Indiana Avenue, N.W., Suite 5000
Washington, D.C. 20001 Teléfono: (202) 879-1133

_____
                                          Demandante
        contra
                                                        Número de Caso: _____
_____
                                          Demandado

**CITATORIO**

Al susodicho Demandado:

        Por la presente se le cita a comparecer y se le require entregar una Contestación a la Demanda adjunta, sea en persona o por medio de un abogado, en el plazo de veinte (20) días contados después que usted haya recibido este citatorio, excluyendo el día mismo de la entrega del citatorio. Si usted está siendo demandado en calidad de oficial o agente del Gobierno de los Estados Unidos de Norteamérica o del Gobierno del Distrito de Columbia, tiene usted sesenta (60) días contados después que usted haya recibido este citatorio, para entregar su Contestación. Tiene que enviarle por correo una copia de su Contestación al abogado de la parte demandante. El nombre y dirección del abogado aparecen al final de este documento. Si el demandado no tiene abogado, tiene que enviarle al demandante una copia de la Contestación por correo a la dirección que aparece en este Citatorio.

        A usted también se le require presentar la Contestación original al Tribunal en la Oficina 5000, sito en 500 Indiana Avenue, N.W., entre las 8:30 a.m. y 5:00 p.m., de lunes a viernes o entre las 9:00 a.m. y las 12:00 del mediodía los sábados. Usted puede presentar la Contestación original ante el Juez ya sea antes que Usted le entregue al demandante una copia de la Contestación o en el plazo de cinco (5) días de haberle hecho la entrega al demandante. Si usted incumple con presentar una Contestación, podría dictarse un fallo en rebeldía contra usted para que se haga efectivo el desagravio que se busca en la demanda.

                                                        _SECRETARIO DEL TRIBUNAL_

_____
Nombre del abogado del Demandante

                                          Por: _____
_____
Dirección                                                      Subsecretario

                                          Fecha _____
_____
Teléfono

如需翻译,请打电话 (202) 879-4828        Veuillez appeler au (202) 879-4828 pour une traduction        Để có một bài dịch, hãy gọi (202) 879-4828

번역을 원하시면, (202) 879-4828 로 전화주십시요        የአማርኛ ትርጉም ለማግኘት (202) 879-4828 ይደውሉ

        IMPORTANTE: SI USTED INCUMPLE CON PRESENTAR UNA CONTESTACIÓN EN EL PLAZO ANTES MENCIONADO, O, SI LUEGO DE CONTESTAR, USTED NO COMPARECE CUANDO LE AVISE EL JUZGADO, PODRÍA DICTARSE UN FALLO EN REBELDÍA CONTRA USTED PARA QUE SE LE COBRE LOS DAÑOS Y PERJUICIOS U OTRO DESAGRAVIO QUE SE BUSQUE EN LA DEMANDA. SI ESTO OCURRE, PODRÍAN RETENERLE SUS INGRESOS, O PODRÍAN TOMAR SUS BIENES PERSONALES O RAÍCES Y VENDERLOS PARA PAGAR EL FALLO. SI USTED PRETENDE OPONERSE A ESTA ACCIÓN, _NO DEJE DE CONTESTAR LA DEMANDA DENTRO DEL PLAZO EXIGIDO._

        Si desea conversar con un abogado y le parece que no puede afrontar el costo de uno, llame pronto a una de nuestras oficinas del Legal Aid Society (202-628-1161) o el Neighborhood Legal Services (202-279-5100) para pedir ayuda o venga a la Oficina 5000 del 500 Indiana Avenue, N.W., para informarse de otros lugares donde puede pedir ayuda al respecto.

                                Vea al dorso del original en inglés
                                See reverse side for English original

                                                                                CASUM.doc

# Superior Court of the District of Columbia

CIVIL DIVISION- CIVIL ACTIONS BRANCH

INFORMATION SHEET

136/ Florida Avenue, LLC                     Case Number: _____

                    vs                       Date: __March 31, 2014__

__Lane Building Services, LLC__      ☐ One of the defendants is being sued
                                         in their official capacity.

| Name: *(Please Print)* | Relationship to Lawsuit |
|---|---|
| Bradshaw Rost, Esq. | ☒ Attorney for Plaintiff |
| Firm Name:   Tenenbaum & Saas, P.C. 4504 Walsh Street, Suite 200, Chevy Chase, MD | ☐ Self (Pro Se) |
| Telephone No.:          Six digit Unified Bar No.: 301-961-5300                 3/6064 | ☐ Other: _____ |

TYPE OF CASE: ☒ Non-Jury          ☐ 6 Person Jury          ☐ 12 Person Jury
Demand: $ 400,000.00                             Other: _____

PENDING CASE(S) RELATED TO THE ACTION BEING FILED

Case No.:_____    Judge: _____    Calendar #:_____

Case No.:_____    Judge: _____    Calendar#:_____

---

NATURE OF SUIT:      *(Check One Box Only)*

### A. CONTRACTS

COLLECTION CASES

☒ 01 Breach of Contract      ☐ 07 Personal Property              ☐ 14 Under $25,000 Pltf. Grants Consent
☐ 02 Breach of Warranty      ☐ 09 Real Property-Real Estate      ☐ 16 Under $25,000 Consent Denied
☐ 06 Negotiable Instrument   ☐ 12 Specific Performance           ☐ 17 OVER $25,000
☐ 15 Special Education Fees   ☐ 13 Employment Discrimination

### B. PROPERTY TORTS

☐ 01 Automobile          ☐ 03 Destruction of Private Property    ☐ 05 Trespass
☐ 02 Conversion          ☐ 04 Property Damage                    ☐ 06 Traffic Adjudication
☐ 07 Shoplifting, D.C. Code § 27-102 (a)

### C. PERSONAL TORTS

☐ 01 Abuse of Process            ☐ 09 Harassment                  ☐ 17 Personal Injury- (Not Automobile,
☐ 02 Alienation of Affection     ☐ 10 Invasion of Privacy              Not Malpractice)
☐ 03 Assault and Battery         ☐ 11 Libel and Slander           ☐ 18 Wrongful Death (Not Malpractice)
☐ 04 Automobile- Personal Injury ☐ 12 Malicious Interference      ☐ 19 Wrongful Eviction
☐ 05 Deceit (Misrepresentation)  ☐ 13 Malicious Prosecution       ☐ 20 Friendly Suit
☐ 06 False Accusation            ☐ 14 Malpractice Legal           ☐ 21 Asbestos
☐ 07 False Arrest                ☐ 15 Malpractice Medical (Including Wrongful Death)  ☐ 22 Toxic/Mass Torts
☐ 08 Fraud                       ☐ 16 Negligence- (Not Automobile, ☐ 23 Tobacco
                                      Not Malpractice)            ☐ 24 Lead Paint

SEE REVERSE SIDE AND CHECK HERE ☐   IF USED

CV-496/May 12